**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sentinel Insurance Company, Ltd., | ) | CV 11-1194-PHX-PGR |
| Plaintiff, | ) | |
| | ) | **PROTECTIVE ORDER** |
| v. | ) | |
| Broan-NuTone, L.L.C., et al., | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to the Stipulation of the parties (Doc. 26), and for good cause shown,

IT IS HEREBY ORDERED that the following protective order is entered to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by Broan-NuTone, L.L.C. and Jakel Motors Incorporated ("Defendants") in this action. The Broan-NuTone, L.L.C. and Jakel Motors Incorporated documents for which the companies are seeking protection include designs, drawing packages, and engineering changes. These types of documents are proprietary and commercially-sensitive, deserving of protection from public disclosure as explained and requested below.

1. "Protected Documents" are documents to be produced by Defendants in this litigation which contain confidential information. Any document or any information designated as "Subject to a Protective Order," "Confidential," or a similar designation, in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise.

3. The burden of proving that a Protected Document contains confidential information is on Defendants. If a party disagrees with the "confidential" designation of any document, the party will so notify Defendants in writing. Defendants will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as confidential will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Subject to a Protective Order," "Confidential," or a substantially similar notice on the document, or, where a copy of the original document is to be produced, on that copy.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, its attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Defendants; and

    d. The Court, the Court's staff.

7. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b) and 6(c) above shall execute a

"Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties will retain the Written Assurance and will keep a list of all persons who have received Protected Documents for inspection by the Court and, upon order of the Court, counsel for Defendants.

8.   To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

9.   All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container." **No document to be filed with the Court containing any portion of a Protected Document or information taken from any Protected Document shall be filed using the Electronic Court Filing system.**

10.   Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

11.   Within ninety (90) days after the conclusion of this case, counsel for the parties who received Protected Documents shall either (a) return to Defendants the Protected

- 3 -

Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and certify such destruction to Defendants.

12. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

13. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

14. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

15. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Defendants' Protected Documents and Confidential information.

DATED this 2nd day of November, 2011.

Paul G. Rosenblatt
United States District Judge